UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHANISE TAE SHIDAGIS; and K.A.V.M.,
a minor,

                      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　3:22-CV-1224
　　　　　　　　　　　　　　　　　　　　　　　　(BKS/ML)
BROOME COUNTY D.S.S.; CHILDREN'S
HOME OF WYOMING CONFERENCE,
Foster Parent Agency; CATHERINE MAZZA-
SANTOS, Foster Parent; and JOHN EAWISKI,
Close to Home Worker for Children's Home,

                      Defendants.
_____

APPEARANCES:　　　　　　　　　　　　　　　OF COUNSEL:

SHANISE TAE SHIDAGIS
  Plaintiff, *Pro Se*
Parkway Inn
900 Vestal Parkway East
Vestal, New York 13850[1]


MIROSLAV LOVRIC, United States Magistrate Judge

---

[1] On January 10, 2023, Plaintiff commenced two other civil actions in this district (No. 3:23-CV-0031 (BKS/ML), and No. 3:23-CV-0032 (BKS/ML)). In those actions, Plaintiff listed her address as 202 Oak Hill Avenue, Endicott, New York 13760. Plaintiff is reminded that she must immediately notify the Court of any change of address consistent with N.D.N.Y. L.R. 10.1(c)(2), and that her failure to notify the Court of a change of address could result in the involuntary dismissal of her cases for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and N.D.N.Y. L.R. 41.2(b).

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent a *pro se* complaint in the above captioned action together with an application to proceed *in forma pauperis*, filed by Shanise Tae Shidagis ("Plaintiff")[2] to the Court for review. (Dkt. Nos. 1, 2.) For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application, and recommend that Plaintiff's Complaint be dismissed in its entirety without leave to amend. (Dkt. Nos. 1, 2.)

I.     BACKGROUND

Construed as liberally[3] as possible, Plaintiff's Complaint alleges that her civil rights were violated by defendants Broome County D.S.S., Children's Home of Wyoming Conference, Catherine Mazza-Santos, and John Eawiski (collectively "Defendants"). (*See generally* Dkt. No. 1.) More specifically, Plaintiff alleges that on Easter 2021, she was scheduled to visit with her

---

[2]     Plaintiff, who is not an attorney, "lacks the authority to represent anyone other than herself in a court action, including her child." *Walker v. Family Court Judge Catherine Cholakis*, 19-CV-1288, 2020 WL 3503158, at *5 (N.D.N.Y. June 29, 2020) (Sharpe, J.) (citing *Cheung v. Youth Orchestra Found of Buffalo Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *LeClair v. Vinson*, 19-CV-0028, 2019 WL 1300547, at *4 (N.D.N.Y. Mar. 21, 2019) (Stewart, M.J.), *report and recommendation adopted by*, 2019 WL 2723478 (N.D.N.Y. July 1, 2019) (Sannes, J.)). Although parties have a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, unlicensed laypersons may not "represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). The Complaint names two plaintiffs—Shanise Tae Shidagis and K.A.V.M., a minor. (Dkt. No. 1 at 1.) However, the Complaint and IFP application are signed solely by Plaintiff. (Dkt. No. 1 at 5; Dkt. No. 2 at 2.) Accordingly, I reviewed this action with Shanise Tae Shidagis as the sole plaintiff. *See Yerushalayim v. Liecthung*, 19-CV-4101, 2019 WL 3817125, at *2 (E.D.N.Y. Aug. 13, 2019) (reviewing the action as brought by sole plaintiff, Ben-Siyon Ish Yerushalayim, because he was the only signatory on the complaint and IFP application and, as an unlicensed layperson, was incapable of representing the other named plaintiffs).

[3]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

2

minor child via zoom, facilitated by Defendant Children's Home of Wyoming Conference. (Dkt. No. 1 at 4.) Plaintiff alleges that she contacted Defendant Mazza-Santos but that Defendant Mazza-Santos responded that she was with her family, hung up on Plaintiff, and then did not answer any of Plaintiff's additional calls. (*Id*.)

Based on these factual allegations, Plaintiff asserts one claim that her rights pursuant to 42 U.S.C. § 1983 were violated. (Dkt. No. 1 at 4.) As relief, Plaintiff seeks an in-person visit with her child and that he be placed in a foster home with "people of his own color." (*Id*.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[4] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[5]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

---

[4] The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[5] Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff seeks only injunctive relief in this matter relating to the state court family proceedings, which is barred by the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Morpurgo v. Incorp. Vill. of Sag Harbor*, 327 F. App'x 284, 285 (2d Cir. 2009) (citation omitted).

As to the first condition, "*Younger* applies if the federal action involves ongoing: (1) 'state criminal prosecutions'; (2) 'civil proceedings that are akin to criminal prosecutions'; or (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its

courts.'" *Torres v. Gaines*, 130 F. Supp. 3d 630, 636-37 (D. Conn. 2015) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). "Both the Supreme Court and the Second Circuit have observed that a 'state-initiated proceeding to gain custody of children allegedly abused by their parents' falls within the second category." *Torres*, 130 F. Supp. 3d at 636-37. (citing *Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015)). "If the federal action falls into one of these three categories, a Court may then consider . . . whether the state interest is vital and whether the state proceeding affords an adequate opportunity to raise the constitutional claims." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Turning to the additional conditions for application of the *Younger* abstention doctrine, it is well-settled that "a custody dispute . . . raises important state interests." *Amato v. McGinty*, 17-CV-0593, 2017 WL 9487185, at *10 (N.D.N.Y. June 6, 2017) (Baxter, M.J.) (citation and quotations omitted), *report and recommendation adopted by*, 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) (D'Agostino, J.); *Reinhardt v. Commonwealth of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1256 (S.D.N.Y. 1989) (explaining that "there can be no doubt that a custody dispute that involves allegations of sexual abuse raises important state interests," and noting that "[q]uestions of family relations, especially when issues of custody and abuse are involved, are traditionally an area of state concern").

Put simply, Plaintiff asks the Court to declare unconstitutional and to amend the terms of her minor child's custody arrangement, based on her allegation that Defendant Mazza-Santos failed to produce her child for one scheduled zoom visit. (*See generally* Dkt. No. 1.) These allegations are based solely on the state custody proceedings and "similarly involve the state's compelling interest in protecting the welfare of children," and Plaintiff may raise these claims in the state proceedings. *Torres*, 130 F. Supp. 3d at 636. Plaintiff does not allege that she cannot

vindicate her claims in state court. As a result, I recommend that her claims be dismissed. *See, e.g.*, *Curcio v. Grossman*, 22-CV-1648, 2022 WL 767167, at *7 (S.D.N.Y. Mar. 14, 2022) ("to the extent that Plaintiff asks this Court to intervene in [her pending state-court child-custody] . . . proceeding, the Court also dismisses those claims under the *Younger* abstention doctrine"); *Walker v. Family Court Judge Catherine Cholakis*, 19-CV-1288, 2020 WL 3503158, at *4 (N.D.N.Y. June 29, 2020) (Kahn, J.) (where the plaintiff challenged a temporary order in an ongoing child custody dispute, alleging that the temporary custody order was gained under "lies and false pretenses and therefore should be considered invalid," finding application of *Younger* abstention barred the plaintiff's federal claims for injunctive relief); *Herbert v. Cattaraugus Cnty.*, 17-CV-248S, 2017 WL 5300009, at *4 (W.D.N.Y. Nov. 13, 2017) (applying *Younger* abstention to the plaintiff's claims arising from ongoing Family Court proceedings, and noting that "[s]everal courts in this Circuit have held that *Younger* abstention applies in similar circumstances").

      To the extent Plaintiff's claims are "aimed at changing the results of domestic proceedings, including orders of child custody," they are barred by the domestic relations exception to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (citation omitted); *see also McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (where the plaintiff alleged violations of his constitutional rights and property damage, which were directly related to the child support determination, finding that domestic relations exception applied, because "to decide the instant case, this Court would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," which "is the role of the Appellate Division . . . not the role of this Court"). As

presently alleged Plaintiff's allegations are aimed solely at changing the results of the state custody proceedings.[6] Accordingly, I recommend that her claims for relief be dismissed without prejudice—and without leave to amend—on this basis.[7]

## V.      OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem

---

[6]   "The *Rooker-Feldman* doctrine bars 'federal courts from exercising jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Walker*, 2020 WL 3503158, at *3 (quoting *Sykes v. Mel S. Harris and Assoc. LLC*, 780 F.3d 70, 94 (2d Cir. 2015)). "[T]he *Rooker Feldman* doctrine has four requirements: (1) the plaintiff must have lost in state court; (2) the loss must have occurred before the district court proceedings commenced; (3) the plaintiff must complain of injuries caused by a state court judgment; and (4) the plaintiff must invite district court review and rejection of that judgment." *Id.* (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). To the extent Plaintiff seeks to overturn final custody orders that have already been issued by the state court, any such claims would also be barred by the *Rooker-Feldman* doctrine.

[7]   The Court also notes that "[a]lthough a municipality is subject to suit pursuant to section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal . . . department does not have the capacity to be sued as an entity separate from the municipality in which it is located." *White v. Syracuse Police Dep't*, 18-CV-1471, 2019 WL 981850, at *3 (N.D.N.Y. Jan. 7, 2019) (Peebles, M.J.) (citing *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (McAvoy, J.); *Turczyn ex rel. McGregor v. City of Utica*, 13-CV-1357, 2014 WL 6685476, at *2 (N.D.N.Y. Nov. 26, 2014) (Sharpe, J.); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) ("Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department.")), *report and recommendation adopted by*, 2019 WL 974824 (N.D.N.Y. Feb. 28, 2019) (Suddaby, C.J.). Thus, Defendant Broome County D.S.S. is not a proper party amenable to suit.

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[8]

Here, leave to amend would be futile because this Court lacks subject matter jurisdiction to review Plaintiff's claims. As a result, I recommend that Plaintiff's claims be dismissed without leave to amend. *See Oliver v. Punter*, 22-CV-3580, 2022 WL 3228272, at *4 (E.D.N.Y. Aug. 10, 2022) (holding that "leave to amend would be futile given that the domestic relations exception divests this Court of subject matter jurisdiction."); *Henrich v. Fowler*, 20-CV-0021, 2022 WL 2816287, at *2 (W.D.N.Y. July 19, 2022) (dismissing without leave to amend the plaintiff's claim seeking to revert a custody order to its prior terms, because any amendment would be futile).

**ACCORDINGLY**, it is

---

[8] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED only for purposes of filing and any appeal unless the trial court certifies in writing that the appeal is not taken in good faith**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE BUT WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction over the claims asserted therein; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: January 17, 2023
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[9]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[10]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).