UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHANISE TAE SHIDAGIS and
K.A.V.M. a minor,

                              3:22-cv-1224 (BKS/ML)

                      Plaintiffs,

v.

BROOME COUNTY D.S.S., CHILDREN'S
HOME OF WYOMING CONFERENCE,
CATHERINE MAZZA-SANTOS, and
JOHN EAWISKI,

                      Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Shanise Shidagis
Vestal, NY 13850

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiffs pro se Shanise Tae Shidagis and K.A.V.M., a minor, bring this action under 42

U.S.C. § 1983 alleging a violation of their Fourteenth Amendment substantive due process rights

in connection with the alleged wrongful deprivation of child visitation and the potential

termination of Shidagis's parental rights. (Dkt. No. 1). This matter was referred to United States

Magistrate Judge Miroslav Lovric who, on January 17, 2023, issued a Report-Recommendation

recommending that the Complaint be dismissed without prejudice but without leave to replead.[1]

---

[1] Magistrate Judge Lovric correctly noted that "Plaintiff [Shanise Tae Shidagis], who is not an attorney, 'lacks the authority to represent anyone other than herself in a court action, including her child,' and that the Complaint and IFP application are signed solely by Plaintiff. (Dkt. No. 4, at 2 n.2 (quoting *Walker v. Family Court Judge Catherine*

(Dkt. No. 4).

## II.   BACKGROUND

In the Complaint, Plaintiff names as Defendants: Broome County D.S.S.; Childrens Home of Wyoming Foster Parent Agency; Catherine Mazza-Santos, foster parent; and John Eawiski, a "close to home worker for children's home." (Dkt. No. 1, at 1–2). Plaintiff alleges:

> On Easter 2021 a set visit was scheduled confirmed through D.S.S. I was supposed to visit with my child via zoom scheduled visit by C.H.O.W.C. I kept calling and texting Catherine Mazza she remarked "I'm with my family." Hung up on me and never answered again. This violated 42 USCS § 1983 civil action for deprivation of rights; not only for me, for my child as well.

(*Id.* at 4). Regarding relief, Plaintiff states: "If before parental rights are going to be terminated relief would be to see [her child] in person and am asking for a foster home change to people his own color." (*Id.*). The above-quoted paragraph and the sentence regarding the relief Plaintiff seeks constitute the entirety of the allegations in the Complaint. Plaintiff does not seek monetary relief.

## III.   REPORT-RECOMMENDATION

Magistrate Judge Lovric recommended that the Complaint be dismissed, explaining that: (1) because "Plaintiff seeks only injunctive relief in this matter relating to the state court family proceedings," her claim "is barred by the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971)," (Dkt. No. 4, at 5); and (2) "[t]o the extent Plaintiff's claims are 'aimed at changing the results of domestic proceedings, including orders of child custody,' they are barred by the domestic relations exception to federal jurisdiction, which 'divests the federal courts of power to issue divorce, alimony and child custody decrees,'" (*id.* at 7 (quoting *Rabinowitz v.*

---

*Cholakis*, 19-cv-1288, 2020 WL 3503158, at *5, 2020 U.S. Dist. LEXIS 114355, at *12–13 (N.D.N.Y. June 29, 2020) (Sharpe, J.)). Like Magistrate Judge Lovric, the Court therefore reviews this action solely as to Plaintiff Shidagis.

2

*New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004)). Magistrate Judge Lovric advised Plaintiff that under 28 U.S.C. § 636(b)(1), she had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review.[2] (*Id.* at 10). Plaintiff did not file an objection to the Report-Recommendation.

## IV. DISCUSSION

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Construed liberally, the Complaint suggests that Defendants violated Plaintiff's Fourteenth Amendment right to substantive due process by failing to adhere to the established visitation schedule. Plaintiff also appears to request that the Court intervene in any parental termination proceeding to ensure she retains visitation and that her child is placed in a foster home with "people his own color." (Dkt. No. 1, at 4).

### A. *Younger* Abstention

The first ground for dismissal discussed in the Report-Recommendation is based on *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal courts to abstain from exercising jurisdiction when there is an "ongoing state proceeding" and certain other conditions are present. *Morpurgo v. Incorp. Vill. of Sag Harbor*, 327 F. App'x 284, 285 (2d Cir. 2009) (citation omitted). However, it is not clear from the Complaint whether there is an "ongoing state

---

[2] The Report-Recommendation was returned to the Court as undeliverable. (Dkt. No. 5, at 1 (envelope marked "Return to Sender," "Attempted-Not Known," and "Unable to Forward")). On January 27, 2023, the Court mailed the Report-Recommendation to an address listed in *Shidagis v. Dominguez*, No. 3:23-cv-00032 (BKS/ML) (N.D.N.Y. filed Jan. 10, 2023), a case Plaintiff recently filed. In view of Plaintiff's pro se status, on February 22, 2023, the Court issued a Text Order granting Plaintiff an additional fourteen (14) days to file an objection to the Report-Recommendation. (Dkt. No. 6). More than fourteen days have passed since the February 22, 2023 Text Order extending the deadline for the filing of objections. Thus, the Report-Recommendation is ready for review.

proceeding." The Complaint suggests a past proceeding or future proceedings concerning foster care placement and Plaintiff's parental rights, but as the Complaint does not indicate whether there is a pending proceeding, it is not clear whether *Younger* is applicable here. *See*, *e.g.*, *Sierra v. City of New York*, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008) (finding *Younger* inapplicable where "the plaintiff's requests for injunctive and declaratory relief may fairly be read as applying only, at most, to the threat of future, not-yet-initiated proceedings").

### B. Domestic Relations Abstention

The second ground for dismissal relied on in the Report-Recommendation is the domestic relations exception. (Dkt. No. 4, at 7–8). "Although the domestic relations '*exception*' to subject matter jurisdiction . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine . . . does." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (first citing *Ankenbrandt v. Richards*, 504 U.S. 689, (1992); and then citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). In *American Airlines*, the Second Circuit explained that "even if subject matter jurisdiction lies over a particular [domestic relations] action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field." 905 F.2d at 14. In concluding that abstention was warranted, the Circuit further found there was "no obstacle to determination of the matrimonial issues by way of a state court action." *Id.* (citing N.Y.C.P.L.R. § 1006(a), (b) (McKinney 1976) (authorizing interpleader action)). Thus, while the domestic relations exception is inapplicable as this case arises under § 1983 and thus involves a federal-question, the Court concludes that dismissal is nonetheless appropriate under the domestic relations abstention doctrine because Plaintiff's claims implicate state family court proceedings or determinations and there are no facts alleged suggesting that there is any "obstacle to their full and fair determination in state courts." *Cleary v. MacVicar*, 813 F. App'x 12, 14 (2d Cir. 2020) (quoting *Deem*, 941 F.3d at 621 (2d Cir. 2019)); *see also id.*

at 13–14 (affirming dismissal of the plaintiff's claim that the defendants "deprived him of custody and visitation rights with his son, in violation of the Fourteenth Amendment" as an "appropriate as an exercise of domestic relations abstention because [the plaintiff's] claims are, at a minimum, on the verge of being matrimonial in nature" and could be addressed in state court) (quotation marks omitted); *Willliams v. NYU Hosp. Ctr. Fin. & Payroll Support*, No. 19-cv-11612, 2020 WL 1878119, at *4, 2020 U.S. Dist. LEXIS 66013, at *10 (S.D.N.Y. Apr. 14, 2020) (dismissing claim that child support order violated the plaintiff's Fourteenth Amendment substantive due process rights, explaining that because the claim involved "domestic-relations issues" and there was no "obstacle that prevent[ed] [the plaintiff] from receiving a full and fair determination of those issues in the state courts," the court "must abstain from exercising its federal-question jurisdiction over . . . claims arising from the Family Court's order and its enforcement"); *see Legister v. Radowitz*, 20-cv-9330, 2020 WL 7405672, at *4 2020 U.S. Dist. LEXIS 237480, at *10 (S.D.N.Y. Dec. 16, 2020) (explaining that because the plaintiff "alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support . . . this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement").

### C. Fourteenth Amendment Substantive Due Process

Even if the domestic relations abstention doctrine were inapplicable, the Complaint would be subject to dismissal for failure to state a plausible claim for relief. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. "Choices about marriage, family life, and the upbringing of children are among associational rights the Court has ranked of basic importance in our society . . . rights sheltered by the Fourteenth Amendment

against the State's unwarranted usurpation, disregard, or disrespect." *M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996). The Supreme Court has held that parents have a "fundamental liberty interest . . . in the care, custody and management of their child." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "To state a claim for a violation of th[e] substantive due process right of custody, a plaintiff must demonstrate that the state action depriving him of custody was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)).

Construed liberally, the Complaint asserts a substantive due process claim against Defendants[3] regarding a missed Zoom visitation between Plaintiff and her child, visitation in the event Plaintiff's parental rights are terminated, and the potential placement of Plaintiff's child in a home with people who are not "his own color." (Dkt. No. 1). The allegations of one missed Zoom visitation and refusal to reschedule are insufficient to allow a plausible inference that Defendants' conduct was conscience-shocking, arbitrary, or oppressive in the constitutional

---

[3] The Court has also considered whether the Complaint adequately alleges § 1983 claims against the Defendant Foster Care Agency and the individual Defendants—Eawiski, and Massa-Santos. The Court assumes without deciding that the Defendant Foster Care Agency, and Eawiski, as an employee, are state actors for purposes of § 1983 liability. *See S.M. ex rel. King v. City of New York*, No. 20-cv-5164, 2021 WL 3173456, at *4, 2021 U.S. Dist. LEXIS 138883, at *9 (S.D.N.Y. July 26, 2021) ("The Second Circuit has held that foster agencies meet [the state actor] test, and [has] declined to overrule this holding." (citing *Phelan ex rel. Phelan v. Mullane*, 512 F. App'x 88, 90 (2d Cir. 2013))). However, the Complaint contains no allegations that would allow a plausible inference that Eawiski was (or is) personally involved in the visitation issue or in any termination of parental rights proceeding. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *see also Dyer v. Fam. Ct.*, No. 16-cv-6876, 2016 WL 7494864, at *3, 2016 U.S. Dist. LEXIS 180427, at *7 (E.D.N.Y. Dec. 28, 2016) (dismissing "the individual defendants who the plaintiff identified as, inter alia, "a 'supervisor of permanency planning,'" and "as a 'case planner supervisor'" in case arising from foster care placement on the ground that the plaintiff failed "to allege any personal involvement by these defendants in the alleged constitutional deprivation"). Thus, the Complaint fails to state a plausible claim for relief against Eawiski. Moreover, in general, foster parents are not considered state actors. *See Dyer*, 2016 WL 7494864, at *4, 2016 U.S. Dist. LEXIS 180427, at *8 ("Courts of Appeals that have considered whether a foster parent is a state actor under § 1983 'have resoundingly answered in the negative.'" (quoting *Smith v. Gristina*, 11-cv-2371, 2012 WL 247017, at *3, 2012 U.S. Dist. LEXIS 12986, at *7–8 (S.D.N.Y. Jan. 6, 2012) (collecting cases))). Thus, as the Complaint fails to allege any facts that would allow an inference that Mazza-Santos was acting in any capacity other than as a private citizen, Plaintiff has failed to assert a § 1983 claim against Mazza-Santos.

sense. *See*, *e.g.*, *Badolato v. Adiletta*, No. 10-cv-1855, 2012 WL 3062035, at *6, 2012 U.S. Dist. LEXIS 104151, at *16–17 (D. Conn. July 26, 2012) (granting summary judgment explaining that "[e]ven if the August 2010 visitation, scheduled for a 'few days,' had been cut short or cancelled . . . such a short-term infringement on visitation rights does not shock the conscience in a constitutional sense such that it violates the guarantees of the substantive due process clause"). Further, Plaintiff alleges no factual details in connection with her request for visitation and that her child be placed in a home with people of "his own color" in the event her parental rights are terminated. Thus, even assuming this claim was not entirely speculative, there are no facts that would allow a plausible inference that Defendants engaged in conscience-shocking conduct.

### D.   Municipal Liability

Finally, to the extent the Complaint raises a *Monell* claim for municipal liability against Defendant Broome County D.S.S. or the Foster Parent Agency, it is similarly flawed. "To establish liability under *Monell*, a plaintiff must show that [s]he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of N.Y.*, 914 F.3d 727, 756 (2d Cir. 2019) (citation omitted); *see also Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Here, Plaintiff has not adequately pleaded the violation of any constitutional rights that could provide the basis for a municipal liability claim against Broome County D.S.S. or the Foster Parent Agency under *Monell*. *See Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006). Nor does the Complaint contain any allegations that either entity had a policy or practice that led to the deprivation of Plaintiff's rights. *See Uwadiegwu v. Dep't of Soc. Servs. of the Cnty. of Suffolk*, 639 F. App'x 13, 15–16 (2d Cir. 2016) ("Uwadiegwu's allegations that DSS (he says nothing about the County) has a policy and practice of discriminating against fathers, African Americans, disabled persons, and impoverished persons are entirely conclusory and cannot save his complaint from dismissal.").

Accordingly, Plaintiff's municipal liability claim is dismissed.

### E.   Leave to Amend

The Complaint fails to state one or more claims upon which relief may be granted by this Court. However, in light of her pro se status, Plaintiff will be afforded the opportunity to file an amended complaint consistent with this decision. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Any amended complaint filed by Plaintiff must bear her original signature, and must be a complete pleading which will supersede and replace Complaint in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of her claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated Plaintiff's constitutional rights.

Plaintiff is forewarned that, if she fails to submit an amended complaint within thirty (30) days of the filing date of this Memorandum-Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 4) is **REJECTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for the reasons stated herein; and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, she must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Memorandum-Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 28, 2023
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge